UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**NATIONWIDE JUDGMENT RECOVERY, INC.,**
**AS ASSIGNEE OF MATTHEW E. ORSO,**
in his capacity as Successor Court-Appointed
Receiver for Rex Venture Group, LLC, d/b/a
ZeekRewards.com, for Receiver Kenneth D. Bell                              **PLAINTIFF**

V.                                     CASE NO.: 2:22-MC-00066

**DORADO P. RIDGELL, SSN XXX-XX-2744**
(a member of the Defendant Class of
Net Winners in ZeekRewards.com)                                             **DEFENDANT**

**AND**

**REGIONS BANK**                                                             **GARNISHEE**

<u>**ORDER ON REQUEST FOR RECONSIDERATION**</u>

On December 5, 2022, this Court entered an Order (Doc. 25) directing Regions Bank to remit to Plaintiff Nationwide Judgment Recovery, Inc. the sum of $13,135.69, which the bank confirmed was held in accounts owned by Defendant Dorado P. Ridgell. The Court made a finding that Plaintiff had properly registered with this Court a foreign judgment (Doc. 3) issued by the United States District Court for the Western District of North Carolina against Ms. Ridgell in the amount of $19,470.03, plus post-judgment interest. The Court further found that Plaintiff properly served writs of garnishment on various financial institutions, including Regions Bank.  Regions Bank answered the writ of garnishment on August 24, 2022, and affirmed that it held funds in Ms. Ridgell's name and had notified her of her "right to raise all potential objections and exemptions with the ordering authority." (Doc. 20).

Several months later, on December 2, 2022, Plaintiff's attorney field a motion for entry of judgment as to the garnishment action involving Regions Bank (Doc. 24). Counsel for Plaintiff represented to the Court that Ms. Ridgell had been served by U.S. mail with a copy of the Regions Bank writ of garnishment on August 12, 2022. *See* Doc. 23. Ms. Ridgell had not responded to the writ, filed objections, or otherwise appeared in this case. Therefore, on December 5, 2022, the Court granted Plaintiff's motion, directed that Regions Bank remit to Plaintiff the funds owned by Ms. Ridgell, and entered a Judgment (Doc. 25) with respect to the Regions Bank garnishment action.

On December 28, 2022, Ms. Ridgell made an appearance in the case *pro se* by filing a letter addressed to the Court. (Doc. 32). In this letter, Ms. Ridgell objects to the Court's Judgment (Doc. 25) and asks that the money from her Regions Bank accounts be returned to her. She admits she received a notice from Regions Bank advising her about the garnishment action on August 8, 2022. *See* Doc. 32. She further admits she received a follow-up notice from Regions Bank on December 15, 2022, advising her that her bank account had been garnished. Ms. Ridgell attaches to her letter a number of notices she received from Regions Bank and from Plaintiff's attorneys.

The Court construes Ms. Ridgell's letter of December 28 as either a request for relief from the Court's Judgment with respect to Regions Bank pursuant to Federal Rule of Procedure 60(b) or a request to alter or amend the Judgment under Rule 59(e). The Court directed Plaintiff to file a response to Ms. Ridgell's letter, and Plaintiff did so on January 25, 2023. *See* Doc. 38. In examining the letter, the Court finds that Ms. Ridgell has offered no explanation for her late appearance in this case, approximately three weeks *after* Judgment was entered. The crux of her argument is that Plaintiff should have

2

filed his garnishment action sooner, and by the time he got around to issuing writs of garnishment, the statute of limitations had run. This argument is without merit.

The United States District Court for the Western District of North Carolina entered judgment against Ms. Ridgell on August 14, 2017. (Doc. 3). According to 28 U.S.C. § 1963, "A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district." On July 12, 2022, Plaintiff properly registered a certified copy of the North Carolina judgment in this Court. Section 1963 provides that "[a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.* Therefore, the North Carolina judgment—once registered—became subject to the same enforcement procedures as judgments that are directly entered by this Court. Those procedures are dictated by Arkansas law. *See* Fed. R. Civ. P. 69(a). Arkansas law provides that "[a]ctions on all judgments and decrees shall be commenced within ten (10) years after a cause of action shall accrue, and not afterward." Ark. Code Ann. § 16-56-114. Accordingly, Plaintiff's garnishment action, which arises from a 2017 judgment, was not commenced outside the ten-year limitations period.

Ms. Ridgell's second argument is that the money Plaintiff garnished from her Regions Bank accounts contained federal and state benefits that were not subject to garnishment. She provides no proof to substantiate this claim, and, presumably, she was aware of this claim months before the accounts were finally garnished.

The Court has construed Ms. Ridgell's letter as a request for relief from the Order and Judgment entered with respect to Garnishee Regions Bank (Doc. 25). Rule 60(b)

3

"provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted). Under this rule, a court may relieve a party from a final judgment due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Court finds that none of the above circumstances exist to warrant reconsideration of the Court's Judgment. Ms. Ridgell offers no justifications, let alone a showing of good cause, to excuse her lateness in objecting to the garnishment action. For these reasons, Ms. Ridgell's request under Rule 60(b) is denied.

As for Rule 59(e), a party may invoke this rule to correct "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). A Rule 59(e) motion "cannot be used to . . . raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Here, Ms. Ridgell's claim of exemption from garnishment could have been raised prior to the entry of the Court's Order and Judgment concerning Regions Bank. The Court is not persuaded that denying Ms. Ridgell's request for relief could result in a miscarriage of justice, as her claim of exemption is entirely unsupported by any details. She never explains exactly what state or federal benefits were in the garnished accounts, nor does she provide dollar values.

**IT IS THEREFORE ORDERED** that Defendant Dorado Ridgell's request for relief from judgment under Rules 60(b) and 59(e) (Doc. 32) is **DENIED**. The Clerk is directed to **CLOSE THE CASE**.

**IT IS SO ORDERED** on this 8th day of February, 2023.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE